UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CARMELLE BAPTISTE,
and all others similarly situated,

Plaintiffs,

- against -

Case No. 8:15-cv-03698-PWG

MARYLAND TREATMENT CENTERS, INC.,

Defendant

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Jury Trial Demanded

## AMENDED COMPLAINT

Plaintiff, **CARMELLE BAPTISTE** (hereinafter "Plaintiff"), by and through her attorneys, **ALAN LESCHT & ASSOCIATES P.C.**, and amends her Complaint and alleges as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiff, Carmelle Baptiste (hereinafter "Plaintiff") and all others similarly (hereinafter collectively "Plaintiffs") brings this civil action seeking declaratory and affirmative relief based upon Defendant, Maryland Treatment Centers Inc. (hereinafter

"Defendant") violations and Fair Labor Standard Act recover unpaid wages and an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs owed to the Plaintiffs, and all similarly situated employees, who have worked or are still working as employees of the Maryland Treatment Centers Inc., Plaintiff further seeks recovery resulting from Defendant's failure to compensate her all accrued vacation time, constituting unpaid wages in violation of Maryland Wage and Payment Act, Md. Code, Labor and other appropriate rules, regulations, statutes and ordinances.

## II. PARTIES

2. Plaintiff, ~~Cannelle~~Carmelle Baptiste (hereinafter "Plaintiff~~") is~~") is a domiciliary of the State of Maryland residing in Silver Spring, MD.

3. At relevant times herein, Plaintiff was a licensed Nurse employed by Defendant, who was an "employee" within the meaning of the FLSA and the Maryland Wage Act.

4. Defendant Maryland Treatment Centers Inc. is a Maryland Corporation with its principal place of business located at 233 East Redwood Street, Baltimore, Md. 21202.

5. At all relevant times herein, Defendant was, and is an "employer" within the meaning FLSA, 29 U.S.C. §§ 206(a) and 207(a) and the Maryland Wage Act.

6. Class members consist of all similarly-situated non-exempt employees, who were employed at Defendant's facilities within the last three years.

## III. ~~JURISDICITION~~ JURISDICTION AND VENUE

7. This Court has original jurisdiction over the claims presented herein pursuant to FLSA §201 et seq.

8. This action properly lies in the United States District Court of Maryland, pursuant to 28 U.S.C. § ~~1391~~1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

9. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

10. This Court has supplemental jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C 1367.

2

### IV. FACTS COMMON TO ALL CLASS PLAINTIFFS

11. Plaintiff hereby repeats and realleges each and every allegation set forth herein.

12. This action is filed on behalf of all non-exempt employees of Defendant whose pay is subject to an automatic meal break deduction even when they perform compensable work during their meal breaks. These persons may include, but are not limited to, secretaries, custodians, clerks, registered nurses, licensed practical nurses, and nurses' aides.

13. Since 2005, Defendant has implemented a facility wide automatic deduction policy, requiring the automatic deduction of meal breaks, whether or not such breaks are worked for the benefit of Defendant.

14. Under the "Meal Break Deduction Policy," Defendant's computerized time and attendance system automatically deducts a 30 minute meal period per work shift.

15. All or most non-exempt employees of Defendant, upon information and belief, are subjected to Defendant's "Meal Break Deduction Policy."

16. Due to a heavy patient load, the aforementioned operating issues regarding nurse and medical personnel availability and the demands of the health care industry, Plaintiff, along with all other similarly-situated non-exempt employees, was routinely required to work during their scheduled breaks for they were not compensated.

17. Defendant do not ensure that Plaintiff and the class members are completely relieved of their work duties during their uncompensated "meal breaks." Indeed, Plaintiff and class members are routinely not completely relieved of their job duties during their uncompensated -"meal breaks."

18. Accordingly, Plaintiff and class members often perform compensable work for Defendant during their uncompensated "meal breaks-."

19. Further, Plaintiff and class members routinely are required to stay at their duty post during their uncompensated "meal breaks."

20. Defendant does not prohibit Plaintiff and class members from working during their "meal breaks" and routinely suffer or permit Plaintiff and class members to perform such work. Moreover, Defendant routinely fails to ensure that unauthorized work is not being performed during employee "meal breaks."

21. In fact, although Defendant automatically deducts 30 minute meal periods, Defendant expects Plaintiff and class members to be available to work throughout their shifts and consistently require its employees to work during unpaid "meal breaks."

22. Plaintiff and class members are expected to eat without any change in demands from patients or relief by additional staff.

23. Defendant knew and/or have reason to believe that Plaintiffs and class members perform work during their unpaid "meal breaks."

24. Plaintiff and class members perform work for Defendant, on Defendant's premises, in plain sight, and at management's request during their unpaid "meal breaks."

25. Defendant has observed Plaintiff and class members working through their unpaid "meal breaks." Defendant has directed Plaintiff and class members to work during their unpaid "meal breaks."

26. Under Defendant's "Meal Break Deduction Policy," Defendant improperly and illegally shift the burden to Plaintiff and class members —to ensure that non-qualifying "meal breaks" are not deducted from their pay.

4

27. Although Defendant is aware that Plaintiff and class members routinely worked during their scheduled "meal breaks," Defendant failed to compensate Plaintiff and class members for their work, electing instead to sit back and accept the benefits of Plaintiff's and class members' uncompensated work.

## COLLECTIVE-CLASS ALLEGATIONS

28. The allegations set forth in the preceding paragraphs are incorporated herein.

29. Plaintiff brings this action on behalf of the Collective Action Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b), and on behalf of the MD State Law Class and for claims under Maryland common law, as a class action pursuant to Fed.R.Civ.P. 23.

30. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the Maryland common law may be pursued by all similarly-situated persons who do not opt-out of the Md. State Law Class pursuant to Fed.R.Civ.P. 23.

31. The members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are hundreds of individuals in each defined class. Plaintiff believes that the definition of the class will be further refined following discovery of Defendant's books and records.

32. Plaintiff brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, as follows:

5

33. All persons employed within the three years preceding the filing of this action by Defendant, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break."

34. Regarding the MD State Law Class, Plaintiff specifically brings this action on behalf of herself and all other persons similarly situated pursuant to Fed. R. Civ. P. 23, with the class consisting of:

35. All persons employed within the three years preceding the filing of this action by Defendant at any of its facilities, whose pay was subject to an automatic 30 minute meal period deduction even when they performed compensable work during the unpaid "meal break."

36. Upon information and belief, Plaintiff believes that the definition of the class will be further refined -during the course of discovery.

37. There are questions of law and fact common to the Classes which predominate over any questions -affecting individual members -only. These factual and legal questions include:

   a. Whether Plaintiff and class members were expected to and/or mandated to regularly work during unpaid meal breaks;

   b. Whether Defendant failed to pay Plaintiff and class members for all hours that they worked because of the fact that they automatically deducted 30 minute meal periods despite the fact that Plaintiff and class members regularly performed compensable work during "meal breaks";

   c. .Whether Defendant has failed to pay Plaintiffs and class members all overtime compensation due to them by virtue of their "Meal Break Deduction Policy"

   d. The correct statute of limitations for Plaintiff and class members' claims;

6

  e. The correct method of calculating back overtime pay and liquidated damages;

  f. Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

  g. Whether Plaintiff and class members are entitled to restitution;

  h. Whether Defendant is liable for pre-judgment interest; and

  i. Whether Defendant is liable for attorney's fees and costs.

38. Defendant has acted and refused to act on grounds generally applicable to the class.

39. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

40. Furthermore, even if any member of the Classes could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

41. Plaintiff will fairly and adequately protect the interests of the Classes, as their interests are in complete alignment with those of the entire class, i.e., to prove and then eradicate Defendant's illegal employment practice of not paying overtime wages to their non-exempt employees.

42. Counsel for Plaintiffs will adequately -protect -the interests- of the Classes. Such counsel is experienced with employment/class litigation and has previously served as -class -counsel in- employment litigation.

43. Plaintiff and the Classes she represent have suffered and will continue -to- suffer irreparable damage from the illegal -policy, practice -and custom regarding -Defendant's -pay -practices.

44. Defendant -has -engaged in a continuing violation -of the FLSA.

45. Defendant's action in denying all wages due to Plaintiffs and the class -was- intentional -and constitutes -a willful -violation -of the FLSA, as well as Maryland -common laws.

### Allegations Regarding -Plaintiff's Unpaid- Vacation

46. Plaintiff was employed as a nurse at Defendant's Rockville facility since 2005.

47. During her ten year tenure, Plaintiff had accrued over three hundred hours of unpaid vacation leave

48. Pursuant to ~~Defendant'-s~~ Defendant's Written Policies, Plaintiff is entitled to all accrued unpaid vacation leave upon the culmination of her employment, unless the -termination -was for cause.

49. Plaintiff terminated without cause after ~~ralsmg~~ raising concerns -regarding -unauthorized practices carried -out by her supervisor, which -included theft -of hospital -supplies.

50. Defendant did not provide any reason for Plaintiff's termination-, and despite that her termination was without cause, failed to compensate her all accrued vacation after her ~~tennination~~ termination in February -of 2015-.

~~CLAIMS~~ FOR RELIEF

**FIRST CLAIM OF RELIEF**
(on behalf of Plaintiff and all class
Plaintiffs)
*(Violations of FLSA)*

51. The allegations set forth in the preceding paragraphs are incorporated herein.

52. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, Defendant employed Plaintiff and each member of the collective action class consistent with the terms of the FLSA.

53. At all relevant times, Defendant have had annual gross revenues ~~m~~in excess of $ 500,000.00.

54. As a consequence of ~~Defendant'~~Defendant's employment practices whereby it automatically deducts thirty minutes for meal breaks from the pay of hourly, non-exempt employees, Plaintiff and class members were denied statutory wages.

55. Plaintiff and class members were employees of Defendant within the meaning of the FLSA and, as such, were entitled to the benefits of the FLSA's wage requirements.

56. Defendant have willfully failed to pay appropriate wages for all hours worked under the FLSA.

**SECOND CLAIM FOR RELIEF**
(Solely on behalf of Plaintiff)
*(Violation of Maryland Wage Payment Act)*

57. The allegations set forth in the preceding paragraphs are incorporated herein.

58. Throughout her tenure, with Defendant, Plaintiff accumulated over 300 hours of sick and vacation leave in reliance of Defendant's express promise to provide a lump sum cash

9

payout of such leave upon her termination.

59. Despite such express promises, Defendant has failed to issue Plaintiff accumulated vacation leave.

60. Such accumulated leave constitutes unpaid wages within the meaning of the Maryland Wage Payment and Collection Law. Md. Code, Labor and Employment Article § 3- 505 *et seq.*

61. By and through the foregoing, Defendant has violated the Maryland Wage Payment and Collection Law. Md. Code, Labor and Employment Article § 3-505 *et seq.*

62. Plaintiff should be awarded treble damages and reasonable attorney's fees for the violation of the Maryland Wage Payment and Collection Law. Md. Code, Labor and Employment Article § 3-507.1.

63. Plaintiff has sustained damages as a result of the ~~Defendant's~~ Defendant's conduct which includes all unpaid wages, plus interest, and requests to recover treble damages under the Maryland Wage Act.

### THIRD CLAIM ~~OF~~ FOR RELIEF
(Solely on behalf of Plaintiff)
*Unjust Enrichment*

64. Plaintiff repeats and realleges each and every allegation contained herein

65. Throughout her tenure, predicated upon Defendant's repeated promises to Plaintiff that she would be able to recoup a lump-sum cash payout of accumulated leave upon the culmination of her employment, Plaintiff elected not to utilize such leave.

66. As a result of Defendant's failure to compensate Plaintiff for accumulated leave, Plaintiff conferred upon Defendant a benefit without adequate compensation.

67. As a result of which, Defendant has been unjustly enriched to Plaintiff's detriment and equity and good conscience require Plaintiff to recover compensation for all

accumulated, but unpaid leave.

FORUTHFOURTH CLAIM FOR
RELIEF
(Solely on behalf of Plaintiff)
(Failure to Give Timely Notice in violation of CobraCOBRA)

68. Plaintiff repeats and re-aliegesalleges each allegations set forth above.

69. At all relevant times herein Plaintiff was a "covered employee" within the meaning of COBRA.

70. The Defendant Health Care Plan was a plan within the meaning of COBRA.

71. Plaintiff's termination on or about February 2015, was a "qualifying event" within the meaning of 29 U.S.C. §1163(2).

72. Defendant was required to notify Plaintiff of her right to elect to continue health insurance coverage for 29 months following Plaintiff's resignation, pursuant to 29 U.S.C. §111 62(2)(a)(i).

73. Defendant was required to notify Plaintiff that she had sixty (60) days from the date of her termination to elect COBRA continuation coverage, pursuant to 29 U.S.C. §1165(a)(1)(B).

74. Defendant failed to notify Plaintiff and her family members of her right to elect COBRA continuation coverage in a timely manner.

75. Defendant violated the notice requirements of COBRA.

76. As a result of Defendant's violation of federal law, Plaintiff was not allowed to continue health insurance coverage in a timely manner and suffered extensive monetary damages.

11

### FIFTH CLAIM FOR RELIEF
(Solely on behalf of Plaintiff)
*Wrongful Termination*

77. Plaintiff repeats and re-alleges each allegations set forth above.

78. Plaintiff was terminated after discovering unauthorized and/or illegal conduct carried out by her supervisor including, *inter alia,* theft of hospital supplies. Plaintiff was terminated without cause and because it was feared by Defendant that Plaintiff would disclose the evidence of illegal and improper conduct that she had discovered.

79. Defendant's actions shock, and are contrary to, Maryland public policy. Plaintiff was terminated because she disclosed and/or exposed existing and ongoing criminal conduct.

80. Plaintiff has suffered substantial damages as a result of Defendant's wrongful conduct.

### PRAYER FOR RELIEF

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff and all class members respectfully requests this Court grant the following relief:

   a. Order directing Defendant to pay Plaintiff, and all class members, all accrued unpaid wages, liquidated damages, prejudgment interest and attorneys' fees.

   b. Order directing Defendant to pay Plaintiff, all owed wages, treble damages and reasonable attorney's fees as permitted by the Maryland Wage Payment and Collection Law.

   c. Order directing Defendant to pay Plaintiff compensatory damages in an amount totaling $250,000.00, punitive damages in an amount totaling $250,000.00 and pain and suffering damages in an amount totaling $250,000.00.

12

e.d. Grant reasonable attorneys' fees and costs

e.   Pre- and post-judgment interest as permitted by law; and

d.f. Granting such other and further relief that the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Further, Plaintiff and all class members demand a trial by jury.

Date:   December 1, 2015

                              RESPECTFULLY SUBMITTED,

                              Alan Lescht & Associates, P.C.

                              By:   /S//S/
                              Alan Lescht, Esq.
                              1050 17th Street, N.W., Suite 400
                              Washington, D.C. 20036
                              T: 202.463.6036
                              F: 202.463.6067
                              Attorneys for Plaintiff